UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACIE KEEFER, | ) |
| Plaintiff | ) ) ) |
| | ) Case No.: |
| v. | ) |
| | ) COMPLAINT AND DEMAND FOR |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) JURY TRIAL ) ) |
| Defendant | ) ) |

## COMPLAINT

TRACIE KEEFER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227 *et. seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pine Grove, Pennsylvania 17963.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153 (39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a debt collection company with headquarters located at 140 Corporate Boulevard, Norfolk, Virginia 23502.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

12. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

13. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

14. The Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly her obligation, could only have arisen from financial obligation for primarily personal, family or household purposes.

15. Beginning in or around April 2015 and continuing thereafter, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt.

16. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (205) 379-6018; (731) 256-9337; (757) 320-4166; (731) 577-4188; (866) 298-1447; (757) 355-6494; (469) 608-8899; (731) 256-6444; (757) 215-2332; (757) 644-4872; (855) 537-2421; (620) 860-0783; (620) 860-0202; (866) 519-8330; (757) 947-2024; and (757) 215-2370. The undersigned has confirmed that these numbers belong to Defendant.

17. Plaintiff has had this cellular telephone number for more than one year.

18. Plaintiff has only used this number as a cellular telephone number.

19. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

20. Plaintiff never provided permission to Defendant to call her cellular telephone number.

21. Further, in June 2015, Plaintiff instructed Defendant to stop calling her on her cellular telephone.

22. However, Defendant failed to update its records to cease calls to Plaintiff's cellular telephone.

23. Defendant called Plaintiff, on average, anywhere from one (1) to seven (7) times a day.

24. Defendant called Plaintiff on the following dates: April 17th (2x) & 27th of 2015; May 5th, 8th, 13th, 21st (2x) & 23rd of 2015; June 4th (2x) & 22nd of 2015; July 9th (3x), 11th (2x), 13th, 17th (2x), 21st, 22nd (2x), 27th & 31st of 2015; August 2nd, 4th, 12th, 26th & 28th of 2015; September 25th & 26th of 2015; October 16th (2x), 19th, 23rd, 25th (2x), 27th (2x) & 29th (2x) of 2015; November 2nd, 3rd (2x), 12th, 17th (3x) & 18th (2x) of 2015; and December 16th (7x) of 2015.

25. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

26. At times, Plaintiff would be met with an automated voice asking her to

hold and then after a few seconds a live representative would pick up.

27. Further, when calling Plaintiff, Defendant called her at times when it was inconvenient for her to receive collection calls. Specifically, Defendant called her when she was at work.

28. Defendant's telephone calls were not made for "emergency purposes."

29. Defendant failed after its initial communication, to send Plaintiff within five (5) days a notice of her rights, including the right to dispute the debt, right to seek validation and/or the right to know the amount claimed from her as well as other details about the debt.

30. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

31. Upon information and belief, Defendant conducts business in a manner which violates both the FDCPA and TCPA.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

32. Defendant's conduct violated 15 U.S.C. § 1692c(a)(1).

    a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the

collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b. Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiff on her cellular telephone when she was at work.

## COUNT II

33. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692d and 1692d(5).

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

  c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on her cellular telephone.

## COUNT III

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

  a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

  b. Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after she told them to stop calling.

## COUNT IV

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

  a. A debt collector violates § 1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send

the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification of her rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with her.

# DEFENDANT VIOLATED THE TELEPONE CONSUMER PROTECTION ACT

## COUNT V

36. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

37. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

38. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

39. Despite the fact that Plaintiff never consented to Defendant placing calls to her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

40. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

41. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, TRACIE KEEFER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d.    Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e.    Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    f.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TRACIE KEEFER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: /s/ Craig Thor Kimmel
    CRAIG THOR KIMMEL
    Attorney ID No. 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

Dated: 12-17-15

PLAINTIFF'S COMPLAINT